IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Michael Galloway, | ) | C/A No. 9:11-1365-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, James Michael Galloway, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff submitted timely objections.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Report recommends affirming the Commissioner's decision. The plaintiff has filed objections continuing his argument that the ALJ erred by (1) not properly considering the opinions of the plaintiff's treating physicians and medical care providers; (2) improperly considering the opinion of an examining, non treating physician as to the plaintiff's credibility; and (3) giving the nurse practitioner's opinion little weight.

The plaintiff contends that the "ALJ/Appeals Council/Commissioner/Magistrate" are giving the opinions of "state agency medical consultants" greater weight than those of the treating physicians. The plaintiff also asserts that the Magistrate Judge's report is internally inconsistent and that it demonstrates bias in favor of the defendant against the plaintiff. Throughout the objections, the plaintiff contends that this results in a "stacking of the deck" against the plaintiff.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

Having reviewed the record in light of plaintiff's objections and under the appropriate standards, the court adopts the Report. The Magistrate Judge accurately concludes that the ALJ properly considered all of the evidence and that the decision is supported by substantial evidence. The court, therefore, concurs with both the reasoning and the result reached by the Magistrate Judge.

Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

September 19, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge